IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br><br>　　vs.<br><br><br>JIMMY L. AARON,<br><br>　　　　　Defendant. | **8:22-CR-250**<br><br><br><br>**ORDER ON MOTION FOR<br>COMPASSIONATE RELEASE** |

This matter is before the Court on defendant Jimmy L. Aaron's *pro se* Motion to Reduce Sentence (Compassionate Release). Filing 42. The defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) "on the [g]rounds of [his] medical condition." Filing 42 at 17. On the standard compassionate release form submitted by the defendant, he selected "Yes" in response to the statement "I request that an attorney be appointed to help me." Filing 42 at 2. As the Court explains below, the defendant's Motion to Reduce Sentence is denied because it is without merit. The defendant has not shown extraordinary and compelling reasons warranting compassionate release, and even if he had made such a showing, the 18 U.S.C. § 3553(a) factors counsel against a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court will also deny the defendant's request for counsel in relation to this compassionate release motion. *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009) (per curiam) ("[T]here is no constitutional right to counsel in § 3582(c) proceedings.").

1

## I.   BACKGROUND

In 2023, the defendant was convicted of possessing with the intent to distribute 50 grams or more of methamphetamine (actual) after he entered a guilty plea pursuant to a plea agreement. Filing 40 (Judgment); Filing 32 (Plea Agreement). The plea agreement provided the following factual basis: "On August 23, 2022, Omaha Police officers conducted a traffic stop on a motorcycle being operated in a reckless manner. The driver, Jimmy Aaron, was found to be in possession of 174.42 grams of actual methamphetamine." Filing 32 at 2. At the time the defendant was sentenced, he was 48 years old and, as reflected in his Presentence Investigation Report, he had reported "that he is diabetic and was diagnosed with congestive heart failure in 2002." Filing 37 at 14. The defendant's guideline custody range was 140 to 175 months, but the Court sentenced him to a term of 130 months of imprisonment after varying downward on the Court's own motion. Filing 38 at 1 (Sentencing Recommendation); Filing 40 at 2 (Judgment); Filing 41 at 3 (Statement of Reasons). The Court also sentenced the defendant to a 5-year term of supervised release. Filing 40 at 3 (Judgment).

Now, just under 2 years after he was sentenced, the defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) because he suffers from "several Medical Conditions." Filing 42 at 18.

## II.   STANDARDS FOR COMPASSIONATE RELEASE

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting

administrative remedies "is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *Id.* Here, it appears that the defendant has exhausted his administrative remedies with the Bureau of Prisons (BOP) because more than 30 days have lapsed since the prison warden received his request. *See* Filing 42 at 3, 18 (indicating that the defendant submitted a request to the warden on either May 23, 2025, or April 21, 2025). The Court will therefore consider the merits of his Motion.

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Although not binding on the Court, the policy statement in U.S.S.G. § 1B1.13(b)(1) is helpful to the Court's analysis. *See Marcussen*, 15 F.4th at 859 (explaining that U.S.S.G. § 1B1.13

is a policy statement that is "not binding" but "may not be ignored"). Section 1B1.13(b)(1) sets out

"Medical Circumstances of the Defendant" that may constitute "[e]xtraordinary and compelling

reasons" warranting compassionate release. Those circumstances are as follows:

> (A) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
>> (i) suffering from a serious physical or medical condition,
>>
>> (ii) suffering from a serious functional or cognitive impairment, or
>>
>> (iii) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—
>
>> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>>
>> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>>
>> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

### III. LEGAL ANALYSIS

The standard compassionate release form that the defendant submitted contained language from U.S.S.G. § 1B1.13(b) and asked the defendant to select the language that applied to his circumstances. Filing 42 at 4. The defendant selected three provisions from U.S.S.G. § 1B1.13(b)(1) that he "believe[s]" reflect "extraordinary and compelling reasons for [his] release":

I am suffering from a terminal illness. *See* §1B1.13(b)(1)(A).

I am suffering from:

- a serious physical or medical condition;
- a serious functional or cognitive impairment; or
- deterioration in my physical or mental health because of the aging process

that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition. *See* §1B1.13(b)(1)(B).

I am suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which I am at risk of serious deterioration in health or death. *See* §1B1.13(b)(1)(C).

Filing 42 at 4–5. The defendant handwrote "Congested [sic] heart failure, Type 2 diabetes with amputation" next to the second provision. Filing 42 at 4. In "Attachment A," the defendant further explains his ailments: "I've had 2 major heartattacks [sic] because of my diagnoses [sic] of congested [sic] heart failure wich [sic] put me in a comma [sic] for three weeks then was placed in physical therapy." Filing 42 at 17. In "Attachment B," the defendant describes "several Medical Conditions," including "congestive heart failure, Diabeties [sic]," and "Both Back and Neck issues" that have developed "Due to the Lack of Recreation" in prison and that "are causing Numbness in [his] legs and Arms." Filing 42 at 18. The defendant asks the Court to "allow [him] compassionate release to see proper Medical People." Filing 42 at 18.

Although the defendant checked the boxes next to some of the serious medical circumstances outlined on the standard compassionate release form, he has not shown that his *own* circumstances are close to the level of seriousness contemplated by U.S.S.G. § 1B1.13(b)(1). Apart from the conclusory allegation that he is "suffering from a terminal illness," the defendant has not alleged that any of his ailments constitute "serious and advanced illness[es] with an end-of-life trajectory." U.S.S.G. § 1B1.13(b)(1)(A). Moreover, nothing in the record suggests that any of the defendant's alleged medical conditions "substantially diminish[ ]" his ability "to provide self-care within the environment of a correctional facility" or are conditions "from which [the defendant] is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Rather, the defendant has lived with the two conditions he appears most concerned with—congestive heart failure and diabetes—since well before he was sentenced in this case. *See* Filing 37 at 14. The defendant himself reported that he was diagnosed with congestive heart failure in 2002, which was 20 years before he committed the offense conduct in this case. Filing 37 at 14. The defendant does take issue with his diet and the "[l]ack of [r]ecreation" in prison, but these complaints are neither extraordinary nor compelling reasons warranting compassionate release.

The Court acknowledges the defendant's references to "2 major heartattacks [sic]" and a 3-week coma, but there is nothing in the record suggesting when any of these events occurred, much less alleging that they took place while the defendant was incarcerated. *See generally* Filing 42. Notably, the defendant has not submitted any medical records in support of his Motion to Reduce Sentence, and the "Medical Duty Status" report he did file indicates that he is not subject to any work restrictions or physical limitations. Filing 42 at 19. As a result, the defendant has not carried his "burden to establish that compassionate release is warranted." *Avalos Banderas*, 39 F.4th at 1062.

6

Even if the defendant had demonstrated "extraordinary and compelling reasons warrant[ing]" compassionate release, the Court would still deny the defendant's motion because the 18 U.S.C. § 3553(a) sentencing factors do not weigh in favor of reducing the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated extraordinary and compelling reasons for release). In considering "the nature and circumstances of the offense" in this case and "the history and characteristics of the defendant," the Court notes that the defendant was pulled over for driving a motorcycle with a fictitious license plate in a reckless manner and was arrested for having more than 170 grams of methamphetamine (actual) on his person. 18 U.S.C. § 3553(a)(1); Filing 37 at 5. The defendant not only endangered people on the roads with his reckless driving but he also posed a danger to the broader community by possessing drugs he intended to distribute. *See* 18 U.S.C. § 3553(a)(2)(C). The defendant has a criminal history category of V and a criminal history that spans nearly 30 years, demonstrating very little "respect for the law." 18 U.S.C. § 3553(a)(2)(A), (B). Among other things, the defendant's criminal history includes two prior felony convictions for conduct related to drug trafficking and five convictions in six years for driving under suspension. Filing 37 at 9–10. In light of these facts, the Court concludes that the defendant's sentence as imposed is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a).

Furthermore, the Court was aware of the defendant's congestive heart failure and diabetes diagnoses at the time of sentencing, and the Court sentenced the defendant to a term of incarceration that was 10 months below the low-end of his guideline range. Thus, to the extent these conditions

are mitigating factors, the Court has already considered them in sentencing the defendant and finds

that they do not now justify compassionate release, especially where the defendant has only served

approximately 34 months of his 130-month sentence. *See Marcussen*, 15 F.4th at 859 (holding that

the district court did not abuse its discretion when it acknowledged mitigating factors but found that

they did not justify the defendant's release). The Court also concludes that any further reduction of

the defendant's sentence would contravene "the need to avoid unwarranted sentencing disparities

among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.

§ 3553(a)(6). The Court has also considered the remaining applicable sentencing factors in 18

U.S.C. § 3553(a) and finds that those factors do not favor reducing the defendant's sentence either.

The Court would therefore deny the defendant's Motion to Reduce Sentence even if he had

demonstrated extraordinary and compelling reasons warranting compassionate release.

## IV. CONCLUSION

For these reasons, the Court concludes that the defendant is not entitled to compassionate

release, nor is he entitled to the appointment of counsel. *See Brown*, 565 F.3d at 1094. Accordingly,

IT IS ORDERED: The defendant's Motion to Reduce Sentence (Compassionate Release),

Filing 42, is denied.


Dated this 21st day of October, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge

8